## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**NORWEGIAN HULL CLUB**                          **CIVIL ACTION**

**VERSUS**                                       **NO:  15-5718**

**Motor Vessel HOS BEAUFORT,** *in rem*          **SECTION: "S" (1)**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Vacate Rule C Arrest filed by Hornbeck Offshore Services, LLC, appearing solely as the claimant of the defendant M/V HOS BEAUFORT, *in rem* (Doc. #30), is **GRANTED**, and the arrest of the M/V HOS BEAUFORT is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Marshal is relieved of any and all duties previously imposed by Order of the Court with respect to the M/V HOS BEAUFORT, and is ordered to release the vessel to the custody, care and control of her owner, Hornbeck Offshore Services, LLC.

**IT IS FURTHER ORDERED** that Blue Marine Security, LLC is relieved of its duties as substitute custodian of the M/V HOS BEAUFORT.

**IT IS FURTHER ORDERED** that the Motion for Damages for Wrongful Arrest filed by Hornbeck Offshore Services, LLC, appearing solely as the claimant of the defendant M/V HOS BEAUFORT, *in rem* (Doc. #30), is **DENIED.**

### BACKGROUND

This matter is before the court on a Motion to Vacate Rule C Arrest filed by Hornbeck Offshore Services, LLC ("Hornbeck"), appearing solely as the claimant of the defendant M/V HOS

BEAUFORT, *in rem*.[1]  Hornbeck argues that the arrest was improper because there was no valid maritime lien and that it should be awarded damages for the wrongful arrest. Plaintiff, Norwegian Hull Club ("NHC"), argues that it has a valid maritime lien because it was subrogated to the rights of its insureds, Cotemar S.A. de C.V., Exeter Marine Limited, and Ocean Oil Construction and Services, S.A.R.L. (collectively referred to as "the Cotemar interests"), for damages arising out of a maritime allision.

On June 24, 2011, the BEAUFORT, a United States flagged offshore supply vessel, allided with the SSV IOLAIR, a semi-submersible, catamaran-shaped offshore construction support floatel platform registered in the Marshall Islands, an island country in the Northern Pacific Ocean. At the time of the allision, the BEAUFORT's first mate, an American merchant marine officer from Florida, was at the helm.  He set the vessel's autopilot, sent the lookout to clean behind the wheelhouse, and fell asleep.  He was awakened when the lookout informed him that the IOLAIR was 50 feet away. He attempted to avoid the allision, but was unable to do so.  The IOLAIR was stationary along side the AKAL MB platform transferring personnel via crane. The allision occurred in international waters, 44 miles off the coast of Mexico in the Bay of Campeche, while both vessels were performing work for Pemex Exploración y Producción ("Pemex"), Mexico's state-owned oil company.  The United States Coast Guard and Mexican authorities investigated the incident.

Exeter Marine Limited, a Bahamian entity, owns the IOLAIR.  Cotemar S.A. de C.V., a Mexican entity, operates, maintains, manages and has a proprietary interest in the IOLAIR.  Ocean

---

[1] Also before the court is Norwegian Hull Club's Motion for Adequate Security (Doc. #11), which is rendered moot by the court's finding that the arrest should be vacated.

Oil Construction and Services, S.A.R.L., a Luxembourgian entity, is the IOLAIR's bareboat charterer.

The BEAUFORT is owned, operated and managed by Hornbeck, Hornbeck Offshore Operators, LLC ("HOOL") and Hornbeck Offshore Services, Inc. ("HOSI"), which are all American corporations, that maintain their headquarters in Covington, Louisiana.  Hornbeck asserts that the BEAUFORT is managed by Mexican entities located in Mexico, Hornbeck Offshore Services de Mexico, S. de R.L. de C.V. ("HOSMEX") and Hornbeck Offshore Operators de Mexico S. de R.L. de C.V. ("HOOMEX").  The BEAUFORT's Port of Registry is New Orleans, Louisiana.

On October 19, 2011, Hornbeck and HOSMEX filed a petition in Mexico to limit their liability under the 1976 Convention on Limitation of Liability for Maritime Claims (the "1976 Convention"),[2] posted $556,559.33 USD as security, and listed Cotemar as a possible claimant. Cotemar did not appear or make a claim against the fund. Hornbeck, HOOL, and HOOMEX filed a second limitation proceeding in Mexico on April 9, 2012, adding Exeter as a potential claimant. Exeter has not been served in those proceedings.

On December 15, 2011, the Cotemar interests filed a complaint in the United States District Court for the Southern District of Texas against Hornbeck, HOOL and HOSI, *in personam*, and the BEAUFORT, *in rem*,[3] alleging that their negligence, gross negligence and unseaworthiness caused the allision and resulting damage to the IOLAIR.  After two years of litigation, the court granted

---

[2] The Mexican court issued an injunction prohibiting plaintiffs from arresting the BEAUFORT. However, the United States is not a signatory to the 1976 Convention, and American courts are not bound to defer to foreign limitation proceedings brought under it on international comity grounds. Perforaciones Exploración y Producción v. Marítimas Mexicanas, S.A. de C.V., 356 Fed. Appx. 675, 681 (5th Cir. 2009).

[3] The Texas court did not have jurisdiction over the BEAUFORT, *in rem*, because it never entered the district so that it could be arrested during the pendency of the litigation.

Hornbeck, HOSI and HOOL's motion to dismiss based on *forum non conveniens*, finding that a Mexican court was the proper forum for the action. Cotemar S.A. de C.V. v. Hornbeck Offshore Servs. Inc., C/A No. 11-4409 (S.D. Tex. 3/29/13) (Doc. #140).  The Cotemar interests appealed that decision to the United States Court of Appeals for the Fifth Circuit.

On February 11, 2014, the BEAUFORT entered United States waters for the first time since the Cotemar interests filed the Texas action.  Thus, on February 13, 2014,  the Cotemar interests filed Civil Action No. 14-342 in the United States District Court for the Eastern District of Louisiana against the BEAUFORT, *in rem*, alleging that the allision and the resulting damage to the IOLAIR were caused by the BEAUFORT's negligence, gross negligence and unseaworthiness.  This court granted the Cotemar interests' motion for the issuance of a warrant of arrest of the BEAUFORT, *in rem*, and the vessel was arrested under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Hornbeck moved to vacate that arrest under Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions arguing that the arrest was made in bad faith because Mexican law would apply and the action was barred by laches.  This court denied Hornbeck's motion to vacate reasoning that the arrest was made in good faith because there was a reasonable possibility that United States law would apply and laches did not apply due to a lack of prejudice to Hornbeck.  Thereafter, on April 15, 2014, Steamship Mutual Underwriting Association, Ltd., the insurer of the BEAUFORT, and the Cotemar interests entered into a $15,400,000 letter of undertaking ("LOU") securing the release of the BEAUFORT.  The LOU stated that it was entered into "in further consideration of [the Cotemar interests'] refraining from arresting or attaching or otherwise detaining or taking any other action to seize the *Beaufort* to recover for damages" related to the June 24, 2011, incident.

4

On May 21, 2014, the United States Court of Appeals for the Fifth Circuit issued an Opinion on the Cotemar interests' appeal of the Texas district court's dismissal of the action for *forum non conveniens*. Cotemar S.A. de C.V. v. Hornbeck Offshore Servs., L.L.C., 569 Fed. Appx. 187 (5th Cir. 5/21/2014). The appellate court remanded the matter to the Texas district court for consideration of the litigation's potential untimeliness in the Mexican forum and whether the intervening seizure of the BEAUFORT in the Eastern District of Louisiana affected the *forum non conveniens* analysis. Id.

On July 2, 2014, this court stayed Civil Action No. 14-342 pending the Texas district court's decision on remand. On remand, the Texas district court considered the questions posed by the appellate court and again dismissed the action for *forum non conveniens*, finding that Mexico was a more appropriate forum. Cotemar S.A. de C.V. v. Hornbeck Offshore Servis., Inc., C/A No. 11-4409 (S.D. Tex. 3/23/2015). The Cotemar interests appealed that decision. NHC moved to be substituted as the real party in interest. The motion was denied. On August 20, 2015, the second appeal was dismissed for failure to prosecute. Cotemar S.A. de C.V. v. Hornbeck Offshore Servs., L.L.C., No. 15-20231 (5th Cir. 8/20/2015).

On September 30, 2015, Hornbeck filed a motion to dismiss Civil Action No. 14-342, arguing that the Texas district court's dismissing the *in personam* action against the Hornbeck entities operates as *res judicata* in the action filed *in rem* against the BEAUFORT. NHC, which insures the Cotemar interests, moved to intervene and be added as a plaintiff because a dispute arose between it and the insureds causing the Cotemar interests to take no further action in the appeal of the Texas district court's last decision. NHC seeks to recover from the BEAUFORT by subrogation the amount it paid to, or will be required to pay to, the Cotemar interests for their insurance claim

related to the allision.  On October 20, 2015, the United States Magistrate Judge granted NHC's motion to intervene.  NHC filed an opposition to Hornbeck's motion to dismiss.

The Cotemar interests also filed a motion to dismiss, which Hornbeck supported. NHC opposed the motion because, if the Cotemar interests' claims are dismissed and NHC is not added to the LOU, the LOU would be rendered void and there would be no basis for *in rem* jurisdiction. To remedy this situation, the Cotemar interests assigned their rights in the LOU to NHC, and NHC filed a motion to approve the assignment.  The court approved the assignment of the LOU and granted the Cotemar interests' motion to dismiss.  The court also granted Hornbeck's motion to dismiss for *res judicata* and dismissed the action without prejudice.

On November 5, 2015, NHC filed Civil Action No. 15-5718 in the United States District Court for the Eastern District of Louisiana against the BEAUFORT, *in rem*.  The vessel was seized and eventually placed in the custody and care of Blue Marine Security, LLC.  Hornbeck appeared solely as claimant of the BEAUFORT.  On November 12, 2015, NHC filed a motion for adequate security seeking to be added as a party to the LOU in Civil Action No. 14-342.  Hornbeck opposed the motion arguing that no security will be posted because the arrest was improper.

On December 1, 2015, Hornbeck filed a motion to vacate the arrest arguing that the arrest was improper because the underlying lien, the claims related to the June 24, 2011, allision, were released by the Cotemar interests in Civil Action No. 14-342 when they entered into the LOU. Thus, Hornbeck contends that NHC cannot acquire by subrogation a lien that has already been released, and cannot rearrest the vessel.[4]  Further, Hornbeck seeks damages for the wrongful arrest.

---

[4]  Hornbeck also argues that NHC's claim is barred by laches because it waited for five years after the incident and twenty months after the original arrest to arrest the BEAUFORT.  This argument need not be addressed because the court finds that there was no maritime lien.

NHC argues that Hornbeck is taking inconsistent positions in Civil Action Nos. 14-342 and 15-5718. NHC argues that it must subrogated to the Cotemar interest's rights, which it argues means that it must be a party to the LOU. NHC argues that if it is not subrogated to the Cotemar interests' rights and is not a party to the LOU, it must be allowed to arrest the vessel in its own right. Therefore, the arrest was not improper.

## ANALYSIS

Hornbeck argues that NHC's arrest of the BEAUFORT was wrongful because, when NHC arrested the vessel on November 5, 2015, there was no maritime lien.

Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that a person claiming an interest in property that has been arrested "shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated." Under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a vessel may be arrested to bring an action *in rem* to enforce a maritime lien. "A Rule C *in rem* action must be predicated on the existence of a maritime lien on the property against which the action is commenced." 4-II Benedict on Admiralty § 2.15 (2016). Under the general maritime law, maritime torts give rise to maritime liens. Id.

The June 24, 2011, allision between the BEAUFORT and the IOLAR was a maritime tort that gave rise to a maritime lien on the BEAUFORT. On February 13, 2014, the Cotemar interests filed Civil Action No. 14-342, against the BEAUFORT, *in rem,* and had the vessel arrested based on that maritime lien. The BEAUFORT was released after Steamship Mutual issued the LOU in favor of the Cotemar interests.

A letter of undertaking is a contract between the parties identified therein. Petróleos Mexicanos Refinación v. M/T KING A, 554 F.3d 99, 104 (3d Cir. 2009) (citing Perez & Compañia (Cataluña), S.A. v. M/V MEXICO I, 826 F.2d 1149, 1451 (5th Cir. 1987)).  Generally, the letter of undertaking "becomes a complete substitute for the *res* and the maritime lien is transferred from the vessel to the [letter]." Id. (citations omitted). "As stated in The Law of Admiralty: 'With respect to a lien in suit the effect of release is to transfer the lien from the ship to the fund represented by the bond or stipulation.  The lien against the ship is discharged for all purposes and the ship cannot again be libeled *in rem* for the same claim.'" Id. (quoting Grant Gilmore & Charles L. Black, Jr., The Law of Admiralty § 9-89, at 799 (2d ed. 1975)).

The maritime lien on the BEAUFORT arising from the June 24, 2011, accident was transferred to the LOU, and the BEAUFORT could not have been rearrested for the same claim. Indeed, the LOU itself states that it was entered into "in further consideration of [the Cotemar interests'] refraining from arresting or attaching or otherwise detaining or taking any other action to seize the *Beaufort* to recover for damages" related to the June 24, 2011, incident.  Therefore, NHC's subsequent *in rem* action against and arrest of the BEAUFORT was wrongful, and Hornbeck's motion to vacate the arrest is GRANTED.

Hornbeck seeks damages for NHC's wrongful arrest of the BEAUFORT.  "To recover for wrongful arrest of a vessel, there must be (1) no bona fide claim of a maritime lien on the vessel and (2) a showing of 'bad faith, malice, or gross negligence [on the part] of the offending party.'" Comar Marine, Corp. v. Raider Marine Logistics, L.L.C., 792 F.3d 564, 574-75 (5th Cir. 2015) (quoting Arochem Corp v. Wilomi, Inc., 962 F.2d 496, 499 (5th Cir. 1992)).  The party alleging wrongful arrest has the burden of proof. Id. (citations omitted).  "'[T]he advice of competent counsel, honestly

8

sought and acted upon in good faith is alone a complete defense' to a claim of damages for wrongful arrest." Id. (quoting Frontera Fruit Co. v. Dowling, 91 F.2d 293, 297 (5th Cir. 1937)).

As stated above, there was no maritime lien on the BEAUFORT when NHC had it arrested because the lien had been transferred to the LOU issued to release the vessel from arrest in Civil Action No. 14-342.  Hornbeck argues that NHC acted in bad faith by rearresting the BEAUFORT because NHC, which was providing counsel for the Cotemar interests in Civil Action No. 14-342, knew that the maritime lien was transferred to the LOU.  NHC argues that it did not act in bad faith by rearresting the BEAUFORT because Hornbeck was arguing that NHC had no rights under the LOU, thus it arrested the vessel to secure its rights.

Hornbeck has not proved that NHC was acting in bad faith in rearresting the vessel.  NHC arrested the vessel to protect its rights because Hornbeck was denying that NHC had any rights under the LOU.  Although it was ultimately not successful, NHC made a good faith argument that it either had rights under the LOU or was able to arrest the vessel on its own behalf.   Therefore, Hornbeck's motion for damages for the wrongful arrest is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Vacate Rule C Arrest filed by Hornbeck Offshore Services, LLC, appearing solely as the claimant of the defendant M/V HOS BEAUFORT, *in rem* (Doc. #30), is **GRANTED**, and the arrest of the M/V HOS BEAUFORT is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Marshal is relieved of any and all duties previously imposed by Order of the Court with respect to the M/V HOS BEAUFORT, and is ordered to release the vessel to the custody, care and control of her owner, Hornbeck Offshore Services, LLC.

**IT IS FURTHER ORDERED** that Blue Marine Security, LLC is relieved of its duties as substitute custodian of the M/V HOS BEAUFORT.

**IT IS FURTHER ORDERED** that the Motion for Damages for Wrongful Arrest filed by Hornbeck Offshore Services, LLC, appearing solely as the claimant of the defendant M/V HOS BEAUFORT, *in rem* (Doc. #30), is **DENIED.**


New Orleans, Louisiana, this  25th  day of May, 2016.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

10